Robert A. Bleicher (Bar No. 111334)
rbleicher@carr-mcclellan.com
Christian P. Foote (Bar No. 240919)
cfoote@carr-mcclellan.com
CARR McCLELLAN P.C.
216 Park Road
Burlingame, California  94010
Telephone:    (650) 342-9600
Facsimile:     (650) 342-7685

Attorneys for Defendants IRA Services, Inc. and IRA Services Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HURTADO LUCERO,<br><br>             Plaintiff,<br><br>v.<br><br>IRA SERVICES, INC.; IRA SERVICES TRUST COMPANY; APRIL CARRILLO; CHRISTOPHER F. LAZZARO dba LAZZARO & ASSOCIATES; WILLIAM BENSON PEAVEY, JR.; LIBER ABACI, INC.; ATLAS ENTERPRISE TECHNOLOGIES, LLC.; and DOES 1-20,<br><br>             Defendants. | Case No.  3:18-cv-05395-LB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS IRA SERVICES, INC., AND IRA SERVICES TRUST COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         December 13, 2018<br>Time:         9:30 a.m.<br>Location:   Courtroom B, 15TH Floor<br>Judge:       The Honorable Laurel Beeler |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, December 13, 2018, at 9:30 a.m. at the San Francisco Courthouse, Courtroom B, 15th Floor, 450 Golden Gate Ave., San Francisco, California  94102, Defendants IRA Services, Inc. and IRA Services Trust Company will move the Court to dismiss the action pursuant to FCRP 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff has failed to allege facts demonstrating that IRA Services conspired with or aided and abetted the other defendants in their efforts to defraud Plaintiff. Plaintiff also has failed to allege that IRA Services committed any unfair, deceptive, or fraudulent

conduct necessary to maintain an action under California Business & Professions Code section 17200.

    The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Complaint on file with this Court and on such other and further evidence and argument which may be presented before or at the hearing of this motion.

Dated: October 31, 2018                 CARR McCLELLAN P.C.

By: /s/ *Christian Foote*
    Christian P. Foote
    Attorneys for Defendants IRA Services, Inc. and
    IRA Services Trust Company

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION AND SUMMARY**

Plaintiff has sued a group of alleged con artists who he claims defrauded him out of his retirement savings by convincing him to invest in a Ponzi scheme.  Plaintiff made his investment through his self-directed IRA.  Defendants IRA Services, Inc. and IRA Services Trust Company (collectively, "IRA Services") served as the custodian/administrator of Plaintiff's self-directed IRA.  The allegations against IRA Services consist almost exclusively of boilerplate; Plaintiff includes no facts at all to plausibly suggest IRA Services had any role in, knowledge of, or responsibility for the alleged fraudulent investment scheme.  By including IRA Services in the Complaint, Plaintiff misconstrues the function and role of a custodian of a self-directed IRA.

This Court has repeatedly rejected the efforts of investors who were defrauded out of self-directed IRA accounts to hold the custodians of those accounts responsible for the fraud.  With respect to IRA Services, this Complaint appears to attempt an end-run around these prior rulings.  Plaintiff does not allege IRA Services breached a contract, made any misrepresentation, or violated a fiduciary duty – all claims that have been rejected in other cases against custodians of self-directed IRAs.  Rather, Plaintiff alleges merely that IRA Services conspired with and aided and abetted the fraudulent conduct of the people who defrauded him.

The Complaint, however, is totally void of factual allegations to support this theory.  For these reasons and as more fully set forth below, the Court should dismiss the Complaint as against IRA Services.

II. **FACTUAL ALLEGATIONS**

Plaintiff was induced to invest in a Ponzi scheme created by the group of defendants that Plaintiff labels the "Rico Enterprise."  (Compl. ¶ 5.)  Plaintiff effected the investment through his self-directed IRA, of which IRA Services, Inc. and IRA Services Trust Company were the custodian and administrator, respectively.[1]

Plaintiff made the investment in three tranches, on October 19, 2012, December 3, 2012,

---

[1] IRA Services Trust Company is not a separate legal entity from IRA Services, Inc.

1  and January 8, 2013, with the vast majority of the investment being made on December 3.
2  (Compl. ¶ 25.)
3        The Rico Enterprise defendants properly paid dividends on Plaintiff's investment through
4  the first half of 2014.  (Compl. ¶28.)
5        Between 2012 and September 2016, Plaintiff did not see anything unusual in his financial
6  quarterly statements.  The statements showed that the balance in his self-directed IRA remained at
7  approximately $350,000, based on the original valuation of the investment.  (Compl. ¶ 30.)
8        In September 2016, Plaintiff received an account statement that showed the Account
9  Balance dropped from approximately $350,050 to $12,723.72.  (Compl. ¶ 31.)  This document
10 contained a statement that the investment's valuation was "$.160 on 11/30/2012."  (Compl. ¶32).
11 IRA Services mailed another statement on or about December 31, 2016, which changed the date
12 of the $0.16 share valuation from 11/30/2012 to 3/31/2013.  (Compl. ¶ 33).

III.  **ARGUMENT**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*.

Plaintiff's Complaint fails to meet this standard as to IRA Services and should be dismissed.

    A.  **The Complaint Fails to State A Claim Against IRA Services for RICO Conspiracy.**

Plaintiff does not allege that IRA Services participated in the RICO enterprise, but the Second Cause of Action includes boilerplate language alleging that "all defendants" conspired to violate RICO.  Plaintiff has alleged no facts to show specifically that IRA Services had any

"meeting of the minds" with respect to the alleged violations or otherwise violating the law.

Under 18 U.S.C. § 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." "To establish a violation of section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). The conspiracy defendant "must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Id*. (quoting *Salinas v. United States*, 522 U.S. 52, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997)). Moreover, the defendant must also have been "aware of the essential nature and scope of the enterprise and intended to participate in it." Id. (quoting *Baumer v. Pachl,* 8 F.3d 1341, 1346 (9th Cir.1993)).

The Complaint includes no such factual allegations. In fact, the *only* indication that IRA Services is included as a defendant in this claim is because Plaintiff labeled the claim against "all defendants."

The allegations incorporated into the Second Cause of Action involving IRA Services' custodian/administrative duties offer no support of a conspiracy claim. Citing to an SEC publication, "Investor Alert: Self-Directed IRAs and the Risk of Fraud," this Court has held that custodians of self-directed IRAs "may have limited duties to investors" and "generally [do] not evaluate ... the investment." *Levine v. Entrust Grp., Inc*., No. C 12-03959 WHA, 2012 WL 6087399, at *1 (N.D. Cal. Dec. 6, 2012) As was true in *Levine*, "[t]he present civil action seeks to hold certain custodians liable for the frauds perpetrated by others, exactly what the Commission said would ordinarily not fly." See also, *Moran v. Bromma,* No. 13-CV-00487 JAM-CKD, 2013 WL 4780772, at *5 (E.D. Cal. Sept. 5, 2013) ("Self–Directed IRA custodians … are not fiduciaries and their obligations are limited to the contract.")

The Complaint contains no facts to suggest that IRA Services went outside of their duties as custodian/administrator of Plaintiff's self-directed IRA. While performing those duties, this Court has made it clear that self-directed IRA custodians/administrators are not responsible for

monitoring the safety or wisdom of the investments.

Judge Orrick's motion to dismiss order in *Grant v. Pensco Tr. Co.*, LLC, No. 12-CV-06084-WHO, 2013 WL 4772673, at *5–6 (N.D. Cal. Sept. 3, 2013), aptly explains the role of the custodian of the self-directed IRA:

> Given that SDIRA custodians have no duty to ascertain the value of investments, the SEC has cautioned that "investors should be mindful of potential fraudulent schemes when considering a self-directed IRA." Dkt. No. 14–4 at 1 (SEC Office of Investor Education and Advocacy, Investor Alert: Self–Directed IRAs and the Risk of Fraud (Sept.2011). Specifically, the SEC has cautioned that self-directed IRA custodians are responsible only for holding and administering the assets in a self-directed IRA. Self-directed IRA custodians generally do not evaluate the quality or legitimacy of any investment in the self-directed IRA or its promoters.... As a result, self-directed IRA custodians often list the value of the investment as the original purchase price, the original purchase price plus returns reported by the promoter, or a price provided by the promoter. Investors should be aware that none of these valuations necessarily reflect the price at which the investment could be sold, if at all.

*Id*. at 2.  Relying on this same SEC publication, Judge Alsup noted: "Given this statement from the SEC and the self-directed nature of the accounts, it is not plausible that plaintiffs as a general matter would rely on defendants to seek out fraud or to perform fair market valuations." *Levine v. Entrust Grp., Inc.,* No. C 12-03959 WHA, 2013 WL 1320498, at *5 (N.D. Cal. Apr. 1, 2013) (dismissing fraud claims against self-directed IRA administrator).

Thus, when Plaintiff alleges that IRA Services knew the value of Plaintiff's investment was approaching zero as early as November 2012 (or maybe January 2013), as evidenced by a *September 2016* account statement, Compl. ¶¶ 32-33, those allegations are both factually and legally incorrect, as well as irrelevant.  The custodian simply has no knowledge of or involvement in the valuation of the investment, or the decision to make it.  Further, the Complaint contains no factual allegations regarding the source or nature of the information regarding the valuation of the investments at the time of the September 2016 account statement. See *Levine v. Entrust Grp., Inc.,* No. C 12-03959, 2013 WL 2606407, at *3 (N.D. Cal. June 11, 2013), *aff'd sub nom. Brissette v. Entrust Grp., Inc.*, 621 F. App'x 461 (9th Cir. 2015) (rejecting argument that custodian of self-directed IRA had duty to perform valuation of investment because relevant

1  regulations imposed such duties only on trustees; "defendants are custodians, not trustees, and are
2  therefore not implicated by this regulation.")

3  Accordingly, the conspiracy claim fails.

4  B.  **The Aiding and Abetting Claim Fails.**

5  Under California law, "[l]iability may . . . be imposed on one who aids and abets the
6  commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach
7  of duty and gives substantial assistance or encouragement to the other to so act or (b) gives
8  substantial assistance to the other in accomplishing a tortious result and the person's own conduct,
9  separately considered, constitutes a breach of duty to the third person."  See *Fiol v. Doellstedt*, 50
10 Cal. App. 4th 1318, 1325-26, 58 Cal. Rptr. 2d 308 (1996) (citing *Saunders v. Superior Court*, 27
11 Cal. App. 4th 832, 846, 33 Cal. Rptr. 2d 438 (1994), and REST. 2D TORTS, § 876); Resolution
12 *Trust Corp. v. Rowe*, No. C 90-20114 BAC, 1993 WL 183512, * 5 (N.D.Cal. Feb.8, 1993)
13 ("Under California law, actual knowledge and intent are required to impose aiding and abetting
14 liability.")

15 The Complaint contains no facts to support the boilerplate set forth as the Fifth Cause of
16 Action, for the reasons set forth above.

17 C.  **If Plaintiff Has Asserted an Unfair Competition Law Claim against IRA Services, that Claim Fails.**
18

19 Plaintiff's Third Cause of Action asserting violations of California Business &
20 Professions Code section 17200 is asserted against "All Defendants Except".  We presume that
21 IRA Services was meant to be included after the word "except" as is the case with the First and
22 Fourth Causes of Action, as well as the fact that the UCL claim appears to describe only the
23 alleged fraudster's conduct, as well as the fact that Plaintiff does not specifically name IRA
24 Services in the claim.

25 If Plaintiff meant to include IRA Services, the UCL claim fails.  A UCL claim is
26 derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must
27 state with reasonable particularity the facts supporting the statutory elements of the violation.  See
28 *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity

requirement applies to these state law causes of action" such as Business & Professions Code section 17200).

For the reasons set forth above, this Plaintiff has failed to do as to IRA Services.

IV.     **CONCLUSION**

The Court should dismiss the claims against IRA Services Inc. and IRA Services Trust Company.

Dated: October 31, 2018                    CARR McCLELLAN P.C.


By: /s/ *Christian Foote*
    Christian P. Foote
    Attorneys for Defendants IRA Services, Inc. and
    IRA Services Trust Company

iManage\9242313.1