Robert A. Bleicher (Bar No. 111334)
rbleicher@carr-mcclellan.com
Christian P. Foote (Bar No. 240919)
cfoote@carr-mcclellan.com
CARR McCLELLAN P.C.
216 Park Road
Burlingame, California  94010
Telephone:     (650) 342-9600
Facsimile:     (650) 342-7685

Attorneys for Defendants IRA Services, Inc. and IRA Services Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HURTADO LUCERO, | Case No.  3:18-cv-05395-LB |
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS IRA SERVICES, INC., AND IRA SERVICES TRUST COMPANY** |
| v. | |
| IRA SERVICES, INC.; IRA SERVICES TRUST COMP ANY; APRIL CARRILLO; CHRISTOPHER F. LAZZARO dba LAZZARO & ASSOCIATES; WILLIAM BENSON PEAVEY, JR.; LIBER ABACI, INC.; ATLAS ENTERPRISE TECHNOLOGIES, LLC.; and DOES 1-20, | Date:       December 13, 2018<br>Time:       9:30 a.m.<br>Location:  Courtroom B, 15TH Floor<br>Judge:      The Honorable Laurel Beeler |
| Defendants. | |

**I.  ARGUMENT IN REPLY**

In his Opposition, Plaintiff clarifies that the only claim against the IRA Services defendants is the Fifth Cause of Action for Aiding and Abetting the RICO defendants' allegedly fraudulent conduct.  Plaintiff points out that such a claim requires a defendant to not only have "substantially assisted" such fraud, but also have "actual knowledge of the specific primary wrong the defendant substantially assisted." MTD Opposition, p. 3, lns. 20-22 (quoting *In re First Alliance Mortg. Co*., 471 F.3d 977, 993 (9th Cir. 2006).  Further, Plaintiff concedes that "vague suspicion of wrongdoing" or knowledge of "wrongful or illegal conduct" is inadequate. *Id*.

1   Plaintiff, however, fails to identify any allegations of the Complaint as to IRA Services
2   that could satisfy this requirement.  IRA Services is not alleged to have any contact,
3   communication, or knowledge of the defendants' fraudulent conduct.
4   The RICO defendants apparently consummated their fraud by October 2014, when they
5   stopped paying dividends on the investment and the California Franchise Tax Board suspended
6   the Ponzi companies' business licenses. (Compl. ¶35.)  However, the *only* conduct in the
7   Complaint directed at IRA Services is the act of mailing account statements in 2016.  As pointed
8   out in the moving papers, the Complaint contains no factual allegations to suggest the investment
9   valuations listed on the account statements reflects IRA Services' knowledge of the value of the
10  investment; in fact the Complaint says nothing about the source of the information listed in the
11  account statements.  The Complaint also contains no facts that IRA Services had such knowledge
12  at *any* time, much less at a time before Plaintiff instructed IRA Services to direct the investment
13  into the RICO defendants' companies.  Additionally, the Complaint contains no facts to suggest
14  that IRA Services had the responsibility, authority, or even the ability to obtain this information –
15  much less that it not only had such information and ability, but refused to provide it to Plaintiff as
16  part of an effort to substantially assist the RICO defendants' effort to induce Plaintiff to part with
17  his investment funds.
18  Needless to say, the Complaint also fails the heightened pleading standards of FRCP 9(b).
19  "Federal courts have held that the substantial assistance prong of a claim that defendant aided and
20  abetted the commission of a fraud must be pled with heightened specificity." *McGraw Co. v.*
21  *Aegis Gen. Ins. Agency, Inc.*, No. 16-CV-00274-LB, 2016 WL 3745063, at *6 (N.D. Cal. July 13,
22  2016) (quoting *Neilson v. Union Bk. of Cal., N.A.*, 290 F. Supp. 2d 1101, 1129-30 & n. 81 (C.D.
23  Cal. 2003)).
24  Finally, while leave to amend is almost universally granted and we acknowledge the
25  Plaintiff's failure to ask for it is not dispositive, this might be one of the rare instances where
26  denial of leave to amend is warranted.  For Plaintiff to state a claim against IRA Services, he
27  would have to allege that IRA Services fundamentally deviated from its role as the custodian for
28  his self-directed IRA. That role, as this Court has pointed out in prior cases and which Plaintiff

does not dispute, traditionally does not involve any oversight or monitoring of the investment, fiduciary duty owed to the investor, or knowledge of the value of the investment.  For IRA Services to have "substantially assisted" the RICO defendants' fraud scheme would have required IRA Services' conduct to be completely unrelated to its custodian duties.  Nowhere in the Complaint or the Opposition does Plaintiff suggest he is prepared to allege any facts like this.  Leave to amend in this case would be futile.

**II.   CONCLUSION**

      The Court should dismiss the claims against IRA Services Inc. and IRA Services Trust Company.

Dated:  November 20, 2018             CARR McCLELLAN P.C.

By: /s/ *Christian Foote*
    Christian P. Foote
    Attorneys for Defendants IRA Services, Inc. and IRA Services Trust Company

iManage\9247036.1