UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LUIS HURTADO LUCERO, | Case No. 18-cv-05395-LB |
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO SERVE DEFENDANT BY PUBLICATION** |
| IRA SERVICES, INC., et al., | |
| Defendants. | Re: ECF No. 53 |

**INTRODUCTION**

Plaintiff Luis Hurtado Lucero alleges that he was defrauded to place his retirement savings in an investment program that turned out to be an illegal Ponzi scheme.[1] Mr. Lucero sued a number of defendants, including William Benson Peavey, Jr., who allegedly presented himself to Mr. Lucero as an attorney knowledgeable about tax-free retirement planning and convinced Mr. Lucero to invest in this program.[2]

Mr. Lucero states that he has made repeated attempts to serve a summons and complaint on Mr. Peavey, including by hiring a process server and a private investigator to attempt to locate Mr.

---

[1] Compl. – ECF No. 1 at 2 (¶ 1). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6 (¶¶ 21–22).

ORDER – No. 18-cv-05395-LB

Peavey and trying to serve him at five separate addresses linked with him, and trying to serve him by mail.[3] Mr. Lucero contends that Mr. Peavey cannot be located with reasonable diligence.[4] Mr. Lucero thus seeks to serve Mr. Peavey by alternative methods, namely, publication in the San Francisco Chronicle.

The court can decide Mr. Lucero's application without oral argument. N.D. Cal. Civ. L.R. 7-1(b). California Civil Procedure Code § 415.50(a) requires a plaintiff seeking to serve a summons by publication to demonstrate, "upon affidavit," that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." As Mr. Lucero has not filed a sworn affidavit demonstrating that he has a claim against Mr. Peavey, the court denies without prejudice his application to serve Mr. Peavey by publication.

## STATEMENT

Mr. Lucero determined that the last known address for Mr. Peavey was a P.O. box address in South San Francisco.[5] Mr. Lucero attempted to serve Mr. Peavey by mail at that P.O. box.[6] Mr. Peavey did not return a signed waiver of process of service or file a responsive pleading.[7]

Mr. Lucero then hired a private investigator, Fact Quest, and a process server through One Legal, Inc., to locate and serve Mr. Peavey.[8] One Legal conducted skip-trace searches of Mr. Peavey and his wife and located four other addresses linked with Mr. Peavey.[9] Mr. Lucero's process server made multiple attempts to serve Mr. Peavey at those addresses but was unable to do so.[10] (At one of the addresses, Mr. Peavey's son answered and said that his father no longer lives

---

[3] Pl. Appl. – ECF No. 53 at 12; Bulgucheva Decl. – ECF No. 53 at 3–4 (¶¶ 3–4); Service Reports – ECF No. 53 at 7–10.

[4] Pl. Appl. – ECF No. 53 at 12.

[5] Bulgucheva Decl. – ECF No. 53 at 3 (¶ 3).

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3–4 (¶¶ 3–4).

[9] *Id.* at 3 (¶ 3); Pl. Status Rep. – ECF No. 47 at 1.

[10] Bulgucheva Decl. – ECF No. 53 at 3–4 (¶ 3); Service Reports – ECF No. 53 at 7–10.

at that address and no longer uses it as a mailing address and that he has little contact with his father.[11]) Fact Quest obtained the physical address linked with Mr. Peavey's P.O. box, and Mr. Lucero's process server attempted to serve Mr. Peavey there, but that address turned out to be a house that Mr. Peavey had rented fifteen years ago where he no longer lives.[12]

Mr. Lucero filed an ex parte application to serve the summons and complaint on Mr. Peavey by publication in the San Francisco Chronicle.[13] The court asked Mr. Lucero if he had any other contact information for Mr. Peavey.[14] Mr. Lucero responded with a phone number and an email address that he used to use to communicate with Mr. Peavey before this lawsuit began.[15]

## ANALYSIS

### 1. Governing Law

Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve an individual defendant using any method permitted by the law of the state where the district court is located or where service is effected.

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. Code § 415.50(a). Other such service methods include: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; and (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40. Additionally, courts in this district have authorized service by email under California Civil Procedure Code § 413.30. *See,*

---

[11] Service Report – ECF No. 53 at 9.

[12] Bulgucheva Decl. – ECF No. 53 at 4 (¶ 4); Service Report – ECF No. 53 at 10.

[13] Pl. Appl. – ECF No. 53.

[14] Clerk's Notice – ECF No. 55.

[15] Pl. Status Rep. – ECF No. 56.

*e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June 25, 2018); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May 9, 2014); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012).

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The reasonable-diligence requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). And because of due-process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.

That a plaintiff has taken one or a few reasonable steps to serve a defendant does not mean that all "myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* But "[a] number of honest attempts to learn [a] defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient." *Kott*, 45 Cal. App. 4th at 1137. "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case specific. *Id.* at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case.")

Separate from the reasonable-diligence requirement, a plaintiff seeking to serve a summons by publication must also demonstrate "upon affidavit" that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

Cal. Civ. Proc. Code § 415.50(a); *see, e.g.*, *THC-Orange Cty. v. Valdez*, No. 17-cv-01911-LB, 2017 WL 2171185, at *2 (N.D. Cal. May 17, 2017) ("The plaintiff "must offer 'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'") (citing cases). A verified complaint is insufficient to satisfy this requirement; instead, the plaintiff must submit a sworn affidavit demonstrating that he has a claim against the defendant as a jurisdictional prerequisite to serving a summons by publication on that defendant. *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977).

## 2. Application

Mr. Lucero has not filed an affidavit demonstrating that he has a claim against Mr. Peavey. The court thus denies without prejudice his application to serve Mr. Peavey by publication. *Cf. THC-Orange Cty.*, 2017 WL 2171185, at *3.

Separately, while the court does not decide the issue here, it raises as a question whether Mr. Lucero has demonstrated sufficiently that he cannot with reasonable diligence serve Mr. Peavey in another manner. Mr. Lucero has an email address for Mr. Peavey,[16] but he does not say whether he tried to contact Mr. Peavey at that address or send him the summons and complaint there (and if so, whether the email went through or bounced back). "Any email communications may be relevant to demonstrate [Mr. Lucero]'s diligence; whether Mr. [Peavey] received actual notice of the lawsuit and is evading service, thus bolstering the case for service by publication; and whether service by email is a superior means to provide Mr. [Peavey] with actual notice of the suit." *Cf. THC-Orange Cty.*, 2017 WL 2171185, at *3 (citing cases); *see also, e.g.*, *Cisco*, 2018 WL 3109398, at *3–4 (authorizing service by email).

Additionally, while Mr. Lucero has tried to run skip-trace searches of Mr. Peavey and his wife and hired a private investigator to find the physical addressed linked with Mr. Peavey's P.O. box, it is not clear that Mr. Lucero has exhausted the "myriad of other avenues" that may be available for locating Mr. Peavey. (For example, it is not clear whether his private investigator did anything

---

[16] Pl. Status Report – ECF No. 56.

beyond finding the address linked with Mr. Peavey's P.O. box.) Mr. Lucero may wish to consider if there are other avenues he might be able to pursue to locate Mr. Peavey. *Cf. Castillo-Antonio v. Azurdia*, No. C-13-05709-DMR, 2014 WL 7206609, at *4 (N.D. Cal. Dec. 18, 2014) (denying motion for leave to serve by publication and proposing additional measures that plaintiff should take first, including "(1) contacting [defendant]'s relatives, friends, or neighbors; (2) emailing [defendant], if his email address is known; (3) determining whether [defendant] still owns the [] property [where the defendant's business was located] and attempting to locate him there; and (4) contacting [defendant]'s co-defendant for [his] contact information"); *THC-Orange Cty.*, 2017 WL 2171185, at *3 (generally same).

## CONCLUSION

The court denies without prejudice Mr. Lucero's application to serve Mr. Peavey by publication.

**IT IS SO ORDERED.**

Dated: May 15, 2019

LAUREL BEELER
United States Magistrate Judge