UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LUIS HURTADO LUCERO,<br><br>Plaintiff,<br><br>v.<br><br>IRA SERVICES, INC., et al.,<br><br>Defendants. | Case No. 3:18-cv-05395-LB<br><br>**ORDER DIRECTING SERVICE ON DEFENDANT**<br><br>Re: ECF No. 65 |

# INTRODUCTION

Plaintiff Luis Hurtado Lucero claims that the defendants defrauded him by inducing him to place his retirement savings in an investment program that turned out to be an illegal Ponzi scheme.[1] One defendant is William Benson Peavey, Jr., who allegedly told Mr. Lucero that he was an attorney knowledgeable about tax-free retirement planning and convinced Mr. Lucero to invest in this program.[2]

---

[1] Compl. – ECF No. 1 at 2 (¶ 1). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6 (¶¶ 21–22).

ORDER – No. 18-cv-05395-LB

Mr. Lucero made repeated attempts to serve a summons and complaint on Mr. Peavey.[3] His efforts included hiring a process server and a private investigator to locate Mr. Peavey, trying to serve him at five separate addresses, contacting him by mail, calling him, and emailing him at the email address that Mr. Peavey used to conduct all transactions related to Mr. Lucero's investment.[4] Mr. Lucero seeks to serve the summons and complaint on Mr. Peavey by email.[5]

The court can decide Mr. Lucero's application without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court authorizes Mr. Lucero to serve the summons, the complaint, and this order on Mr. Peavey by email. The court also directs Mr. Lucero to (1) publish the summons in the San Francisco Chronicle and (2) mail a copy of the summons, the complaint, and this order to Mr. Peavey's P.O. box and the addresses that Mr. Lucero found that were linked to Mr. Peavey, excluding the empty lot in San Bruno.

**STATEMENT**

Mr. Lucero determined that the last known address for Mr. Peavey was a P.O. box address in South San Francisco.[6] He mailed Mr. Peavey at that address on October 1, 2018, but Mr. Peavey did not respond.[7]

Mr. Lucero then obtained the following five additional addresses for Mr. Peavey: (1) an address where Mr. Lucero last interacted with Mr. Peavey; (2) an address identified in public records (an empty lot in San Bruno); (3) two addresses resulting from skip-trace searches of Mr. Peavey and his wife, performed by One Legal, a process server; and (4) the physical address linked to Mr. Peavey's P.O. box, obtained by a private investigator from a postmaster.[8] Mr.

---

[3] Bulgucheva Decl. – ECF No. 65-1 at 2–3 (¶¶ 4–8).
[4] *Id*.
[5] Pl. Mot. for Order Authorizing Service by Email – ECF No. 65.
[6] Bulgucheva Decl. – ECF No. 65-1 at 2 (¶ 4); Pl. Appl. for Order for Publication – ECF No. 53 at 3 (¶ 3).
[7] Bulgucheva Decl. – ECF No. 65-1 at 2 (¶ 4).
[8] *Id.* (¶ 5); Non-Service Reps. – ECF No. 53 at 7–10.

Lucero hired a process server to serve Mr. Peavey at those addresses.[9] The process server made multiple attempts but was unable to serve Mr. Peavey.[10] Mr. Peavey's son resided at one location but said that he had no contact with his father and did not know where he resided.[11]

Mr. Lucero filed an ex parte application to serve Mr. Peavey by publication in the San Francisco Chronicle.[12] The court asked Mr. Lucero whether he had any other contact information for Mr. Peavey.[13] Mr. Lucero responded with a phone number and an email address that he used to use to communicate with Mr. Peavey.[14] The court denied without prejudice Mr. Lucero's application to serve Mr. Peavey by publication and suggested that Mr. Lucero had not demonstrated sufficiently that he could not serve Mr. Peavey in another manner, such as by email.[15]

Mr. Lucero then submitted a declaration containing more information about his efforts to serve Mr. Peavey.[16] Mr. Lucero's counsel attempted to call Mr. Peavey at his last known phone number multiple times to discuss service and left voicemail messages.[17] Mr. Peavey did not return the calls.[18] Mr. Lucero's counsel also sent an email to peaveybill@gmail.com, the email address Mr. Peavey used to conduct all transactions related to Mr. Lucero's investment.[19] Mr. Peavey did not respond, but Mr. Lucero's counsel's email did not "bounce-back," indicating that the email address is still active.[20]

---

[9] Bulgucheva Decl. – ECF No. 65-1 at 2 (¶ 6); Non-Service Reps. – ECF No. 53 at 7–10.

[10] Bulgucheva Decl. – ECF No. 65-1 at 2 (¶ 6); Non-Service Reps. – ECF No. 53 at 7–10.

[11] Bulgucheva Decl. – ECF No. 65-1 at 2 (¶ 6); Non-Service Rep. – ECF No. 53 at 9.

[12] Pl. Appl. for Order for Publication – ECF No. 53 at 1–2.

[13] Clerk's Notice – ECF No. 55.

[14] Pl. Status Rep. – ECF No. 56 at 1.

[15] Order – ECF No. 58 at 5.

[16] Bulgucheva Decl. – ECF No. 65-1.

[17] *Id.* at 2–3 (¶ 7); Pl. Status Rep. – ECF No. 61 at 1.

[18] Bulgucheva Decl. – ECF No. 65-1 at 2–3 (¶ 7); Pl. Status Rep. – ECF No. 61 at 1.

[19] Bulgucheva Decl. – ECF No. 65-1 at 3 (¶ 8); Pl. Status Rep. – ECF No. 61 at 1.

[20] Bulgucheva Decl. – ECF No. 65-1 at 3 (¶ 8).

Mr. Lucero now moves for an order authorizing him to serve the summons and complaint on Mr. Peavey by email.[21]

**ANALYSIS**

**1. Governing Law**

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

"While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: '[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting Cal. Civ. Proc. Code § 413.30). "Courts have construed Section 413.30 as authorizing service by email where email service 'is reasonably calculated to give actual notice to the party to be served.'" *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012); *Aevoe*, 2011 WL 3904133, at *1.

---

[21] Pl. Mot. for Order Authorizing Service by Email – ECF No. 65.

ORDER – No. 18-cv-05395-LB        4

### 2. Application

The court first reexamines whether Mr. Lucero demonstrated reasonable diligence in his attempts to serve Mr. Peavey. Here, Mr. Lucero attempted to serve Mr. Peavey by (1) mail at his last known address, (2) hiring a process server to run skip-trace reports on Mr. Peavey and his wife and trying to serve Mr. Peavey at the addresses linked with them, (3) hiring a private investigator to find the physical address linked to Mr. Peavey's P.O. box, (4) having a private investigator contact Mr. Peavey's friends and relatives to determine his location, (5) calling Mr. Peavey at his last known phone number and leaving voicemail messages on multiple occasions, and (6) emailing Mr. Peavey at his last known email address.[22] The court finds that Mr. Lucero has tried to serve Mr. Peavey with reasonable diligence.

The court next looks to whether service by email is reasonably calculated to give actual notice to Mr. Peavey. Here, Mr. Peavey used the peaveybill@gmail.com email address to conduct all of Mr. Lucero's financial transactions.[23] There was no bounce-back when Mr. Lucero's counsel emailed that address on June 4, 2019.[24] Under these circumstances, the court finds it appropriate to permit Mr. Lucero to serve the summons and complaint (and a copy of this order) on Mr. Peavey by email to peaveybill@gmail.com. *Cf. Cisco*, 2018 WL 3109398, at *3–4; *Facebook*, 2012 WL 1038752, at *3; *Aevoe*, 2011 WL 3904133, at *1–2.

Given that Mr. Lucero previously proposed service by publication as the sole means of service, the court additionally directs service by publication now.[25] *Cf. Cisco*, 2018 WL 3109398, at *4 (authorizing plaintiff to serve summons and complaint by email and directing service by publication too); *Aevoe*, 2011 WL 3904133, at *2 (same). Additionally, the court directs Mr.

---

[22] Bulgucheva Decl. – ECF No. 65-1 at 2–3 (¶¶ 4–8); Non-Service Reps. – ECF No. 53 at 7–10; Pl. Status Rep. – ECF No. 61 at 1–2.

[23] Bulgucheva Decl. – ECF No. 65-1 at 3 (¶ 8).

[24] *Id*.

[25] In its prior order, the court denied Mr. Lucero's request for service by publication because Mr. Lucero did not include an affidavit stating that he had a claim against Mr. Peavey. Cal. Civ. Proc. Code § 415.50. California Civil Procedure Code § 413.30 does not require an affidavit. Because the court orders service by publication as an additional means of service and not the sole means of service, it finds that the lack of an affidavit does not preclude service by publication.

ORDER – No. 18-cv-05395-LB        5

Lucero to mail copies of the summons, the complaint, and this order to Mr. Peavey's last known address — the P.O. box in South San Francisco — and the physical addresses that Mr. Lucero found that were linked to Mr. Peavey, excluding the empty lot in San Bruno. *Cf. United Health Servs. Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (authorizing plaintiff to serve summons and complaint by email and additionally ordering plaintiff to mail summons and complaint to defendant's last known address).

## CONCLUSION

The court grants Mr. Lucero's application to serve Mr. Peavey by email at peaveybill@gmail.com. The court further directs Mr. Lucero to serve Mr. Peavey by publication in the San Francisco Chronicle. Service by publication must comply with California Government Code § 6064, which provides that the publication in the newspaper must occur four times with five days in between each publication. The court further directs Mr. Lucero to mail a copy of the summons, the complaint, and this order to Mr. Peavey's last known address — the P.O. box in South San Francisco — and the physical addresses that Mr. Lucero found were linked to Mr. Peavey, excluding the empty lot in San Bruno.

**IT IS SO ORDERED.**

Dated: June 27, 2019

_____
LAUREL BEELER
United States Magistrate Judge