UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LUIS HURTADO LUCERO,<br><br>  Plaintiff,<br><br>  v.<br><br>IRA SERVICES, INC., et al.,<br><br>  Defendants. | Case No. 18-cv-05395-LB<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HIS RICO CLAIMS SHOULD NOT BE DISMISSED**<br><br>Re: ECF No. 90 |

Plaintiff Luis Hurtado Lucero invested $350,000 in retirement savings into a self-directed individual retirement account ("IRA") called the "Lazzaro & Associates five-year trading portfolio" (the "Program").[1] The Program allegedly turned out to be an illegal Ponzi scheme.[2] His claims include violations of the federal Racketeer Influenced Corrupt Organizations Act ("RICO").[3] Certain defendants (who administered the IRA) moved to dismiss the RICO claims, and the court granted their motion and dismissed the RICO claims with prejudice on the ground that the Private Securities Litigation Reform Act of 1995 ("PSLRA") barred them.[4] The same

---

[1] Second Am. Compl. ("SAC") − ECF No. 90 at 2 (¶ 1), 7 (¶ 26). Citations refer to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2 (¶ 1).

[3] *Id.* at 10–13 (¶¶ 45−59).

[4] Order − ECF No. 89 at 11.

ORDER – No. 18-cv-05395-LB

analysis applies to the RICO claims against the non-moving defendant here. A court may dismiss a plaintiff's claims on its own initiative where the plaintiff does not state a valid, legally cognizable claim. *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017). The court thus issues this order to the plaintiff to show cause why the PSLRA does not bar the RICO claims.

The court asks the parties to confer by February 7, 2020. Thereafter, by February 13, 2020, the parties may file a joint statement with their respective views, or, if the defendant does not want to file a statement, the plaintiff must file a statement of up to five pages showing cause why the court should not dismiss the RICO claims. Alternatively, the plaintiff might agree that dismissal of the RICO claims is procedurally appropriate. Given the case's procedural posture (and absent the input of the parties supporting a different approach), the court does not think remand of the state-law claims at this juncture is the right approach.

The court can discuss the issues at the upcoming case-management conference now set for February 20, 2020 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated: February 3, 2020

_____
LAUREL BEELER
United States Magistrate Judge